MARY A. SHAW *vs.* THE REPUBLIC LIFE INSURANCE COMPANY.

The defendant having bought out and taken the risks of the H. Life Insurance Company, by M., its authorized agent, urged S., who held a life policy for $2,000, issued by the H. Co., that had lapsed by non-payment of premiums, to take a new policy for the same amount in the defendant's company. The result was, the execution of an instrument by M., as such agent, dated Nov. 26, 1872, by which he acknowledged the receipt of the lapsed policy, "in exchange for which" the defendant agreed to "issue its policy of the same amount, and deliver the same within a reasonable time, and in the meantime keep the insurance good." At the same time S. executed his promissory note to the defendant, for $54.76, being the amount of premium in its company for one year, payable in forty days.

*Held*, 1. That the agreement and note were to be considered and construed as constituting and evidencing the transaction had, at their date, between the parties.

2. That the instrument signed by M. constituted an agreement binding upon the defendant to issue to S. a policy in the defendant's company, upon the life of S., for the same amount specified in his former policy.

3. That such agreement constituted, in itself, in legal effect, from its date, a policy of insurance, or imposed a legal duty and obligation to execute and deliver such policy in proper form, bearing the date of such agreement.

4. That the policy which the defendant was, by such contract, to execute, was a new and independent contract to be executed and delivered in consideration of the sum of $54.76, and in payment of that sum the defendant took and received the said promissory note of S.

5. That such note of S. must be presumed to have been received in payment of the premium of the new policy. That it was an original undertaking,

payable in a specified time, without reference to the time when the policy was to be delivered.

6. That the non-payment of such note at maturity did not affect the validity of the policy; the contracts being independent of each other, and there being no stipulation, in the agreement, that non-payment of the note should avoid the policy.

APPEAL from a judgment in favor of the plaintiff for $2,250.25. The case was tried at the Ontario circuit in February, 1875, before Hon. JAMES C. SMITH, a justice of the court.

The plaintiff proved the possession of a policy of insurance issued by the Hahneman Life Insurance Company, dated September 8, 1868, on the life of her husband, for $2,000; and that in September, 1871, the defendant bought out and took the risks of the said Hahneman Life Insurance Company, and, by its duly authorized agent, executed and delivered to the plaintiff the following receipt or agreement :

"The Republic Life Insurance Company.
J. V. Laundst, President.
A. W. Kellogg, V. President.
O. E. More, Secretary.

Received, November 26, 1872, of Richard B. Shaw, policy No. 2,705 issued by the Hahneman Life Insurance Company of Cleveland, Ohio, and now in force, bearing date September 8, 1868, for the amount of $2,000, with an annual premium, payable on the 8th day of September in each year ; in exchange for which, the Republic Life Insurance Company will issue its policy of the same amount, and deliver the same within a reasonable time, and in the meantime keep insurance good.

(Signed)                    F. E. MARBLE,
                                    Special Agent."

At the same time S. executed his promissory note to the defendant, for $54.76, being the amount of premium in the defendant's company for one year, payable in forty days.

The opinion sufficiently states the questions that arose upon the trial, and upon which the decision at the circuit was made.

*Lyman & Jones,* for the appellant.

*E. W. Gardiner,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The rights of the parties in this action depend entirely, as we conceive, upon the agreement executed by Marble, the defendant's agent, on the 26th day of November, 1872. This agreement and the promissory note of Shaw, the plaintiff's husband, for $54.76, executed at the same time, are to be considered and construed as constituting and evidencing the transaction at that time had between the parties.

Marble was the general managing agent of the defendant, and was particularly engaged in taking up the policies of insurance of the Hahneman Life Insurance Company. He came to Shaw, the plaintiff's husband, who had previously obtained and held a policy in said Hahneman Company, payable to his wife, and finding that such policy had lapsed by reason of the non-payment of the premium for several months, he urged said Shaw to take a new policy in the defendant's company in lieu of such lapsed policy. The result of such application and agreement was the execution of the agreement and note above mentioned. This agreement, we think, was properly considered by the judge at the circuit as constituting an agreement binding upon the defendant to issue to said Shaw a policy in the defendant's company upon the life of said Shaw for the same amount specified in his former policy in the said Hahneman Company. Such agreement constituted, in itself, in legal effect, we think, from its date, a policy of insurance, or imposed a legal duty and obligation to execute and deliver such policy in proper form, bearing the

date of such agreement, as held by the circuit judge. It had no necessary connection with the Hahneman policy.

That policy had expired, and was at an end. It constituted, perhaps, an inducement to the execution of said agreement by said Marble, but not a consideration, in any sense, for the execution of the said policy. The policy which the defendant, by this contract, was to execute, was a new and independent contract to be given, executed and delivered in consideration of the sum of $54.76, which was the premium in the defendant's company for one year; and in payment of this $54.76 the company, by its said agent, took and received the negotiable promissory note of the plaintiff's husband, payable in forty days after date. The judge at the circuit correctly held that that note must be presumed to have been received in payment of the premium of the new policy.

It was executed at the same time with the agreement for the policy, and was not given or received in payment of, or as collateral to, a pre-existing debt. It was an original undertaking, payable in forty days, without any reference to the time when the policy was to be delivered.

Such policy was by the terms of the agreement to be delivered "within a reasonable time," which the proofs show was in ten days or thereabouts.

The defendant's office or place of business — the home office — was in Chicago, and the proofs show that they executed and sent to their agent in this state a policy in conformity with said agreement, dated December 1st, thereafter — four days after the date of said agreement.

The non-payment of this note at maturity does not affect the validity of the policy. The contracts were independent of each other. The defendant had an ample remedy at law upon the said note, and it appears

that payment upon it in the lifetime of Shaw was offered and tendered to the defendant's agent, having the same for collection. In the cases where it has been held that the non-payment of a note given for a premium upon a policy of insurance forfeited the policy, there was an express agreement in the policy that the non-payment of the note should avoid the policy. Such was the case of *Baker* v. *The Union Mutual Ins. Co.,* (43 *N. Y.,* 284;) and *Wall* v. *Home Ins. Co.,* (36 *id.,* 157.)

No such stipulation was contained in the agreement for the insurance in this case.

The question of fact in the case was properly settled by the jury, and we see no valid exceptions to any of the rulings of the court in other respects.

The judgment should be affirmed.

Judgment affirmed.

[Fourth Department, General Term at Syracuse, January, 1876. *Mullin, E. D. Smith* and *Gilbert,* Justices.]